UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIAN CUDDINGTON<br>　　Plaintiff, | ]<br>]<br>] | |
| v. | ]<br>] | No. 3:12-0383<br>JUDGE HAYNES |
| THERESA DELGATTI, et al.<br>　　Defendants. | ]<br>] | |

## O R D E R

Before the Court is a *pro se* complaint (Docket Entry No.1) and an application (Docket Entry No.2) to proceed in forma pauperis.

From a review of Plaintiff's application, he lacks sufficient financial resources from which to pay for the filing of the complaint. Therefore, Plaintiff's application to proceed in forma pauperis is **GRANTED**. 28 U.S.C. § 1915(a). Process, however, shall **NOT** issue.

Plaintiff entered into a contract with the defendants to remodel their attic. Apparently, a dispute has arisen between the parties and the Plaintiff now seeks to retrieve his tools from the defendants' property and recover damages for a breach of the contract. All parties appear to be residents of the State of Tennessee.

A district court is obliged to consider matters of jurisdiction, *sua sponte* if necessary. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985).

The Court must first determine whether Plaintiff's claims fall within Court's subject matter jurisdiction or authority to hear this controversy. Perkins, Inc. v. Werner and Pfleiderer Corp., 710 F.2d 1561, 1565 (D.C. Cir.1983). The Court has jurisdiction to adjudicate claims involving a federal question, 28 U.S.C. § 1331, or diversity jurisdiction or authority over claims involving parties in different States. 28 U.S.C. § 1332.

Here, all parties are Tennessee residents and thus, the Court lacks diversity jurisdiction to adjudicate this controversy.

As to whether Plaintiff's claims fall under this Court's federal question jurisdiction, Plaintiff contends that the defendants failed to pay him for work he completed under a contract. A breach of contract controversy between Tennessee residents does not present a federal question.

Here, the Court concludes that Plaintiff has failed to show that his claims fall within the scope of this Court's jurisdiction. Accordingly, this action is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction. Rule 12(h)(3), Fed. R. Civ. P.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 25th day of April, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge